## SMIDTH et al. v. GATES IRON WORKS.

(Circuit Court, S. D. New York. June 26, 1901.)

PATENTS—ANTICIPATION—TUBULAR BALL MILLS.

    The Davidsen patent, No. 548,115, for a tubular ball mill for the pulverization of various materials, is void for anticipation.

In Equity. Suit for infringement of patent. On final hearing.

Goepel & Raegener (Louis C. Raegener, Edwin H. Brown, and S. L. Moody, of counsel), for complainants.

J. J. McKelvey (Bond, Adams, Pickard & Jackson, of counsel), for defendant.

HAZEL, District Judge. This is a bill in equity to restrain the alleged infringement of letters patent No. 548,115, which were issued to Joseph Davidsen on October 15, 1895, on a tubular ball mill for pulverization of various materials. The defenses are that the patent is invalid and noninfringed. The patent is for a combination of elements consisting of a rotary drum having an axial inlet at one end and a peripheral outlet at the other, and a body of grinding balls, disposed in mass, overlying one another, in said drum. The purpose and object to be obtained by this method of placing the balls or pebbles is a thorough comminution of the matter to be ground in the mill. The material, when placed in the tubular drum through the axial inlet, fills the interstices of the balls, and is ground or pulverized by the rotating action of the drum causing the mass of balls or pebbles to rub and rerub the material, and by the action of gravity and by the rotating and grinding action of the balls or pebbles the ground material is impelled to gradually move longitudinally towards the outlet in the periphery of the drum, where it is discharged. The mill is revolved at such low rate of speed that the relative position of the grinding material remains in such moving position as will best aid in triturating or comminuting the material. When the application for the patent in suit was considered by the patent office, it was claimed with much earnestness and persistence by the patentee that the construction materially differed from the prior patents, in that it contained a central inlet opened at one end, and a peripheral outlet opening at the other, and a closed periphery between the inlet and outlet openings, and that this operation was different in conveying the material ground diagonally from the inlet to the outlet by its own gravity between the mass of small balls throughout the length of the drum. The patent office repeatedly rejected the application on the ground that the claim to invention was devoid of patentable novelty in view of the prior art, and cited the patents issued to Close, Robertson, Rutherford, Jenisch, and others, as anticipatory. Later the commissioner of patents granted the patent, but expressed doubt as to the patentability of the claim to invention. The validity of the patent in suit and the defenses interposed thereto have been the subject of thorough examination by Judge McPherson in the cir-

cuit court of the Eastern district of Pennsylvania. Smidth v. Cement Co. (C. C.) 106 Fed. 930. In that case it was decided that the patent in suit must be narrowly construed, and restricted to the exact device. The British patent to Redfern, granted in 1888, was held to be anticipatory. This patent was not considered by the commissioner of patents. The facts which the complainant proved are substantially the same which it relies upon in this case, except that it is insisted here that the mill in the adjudicated case was of different construction than the defendant's mill in suit, and that no evidence was given by Mr. Davidsen, the patentee, who saw the Redfern mill in operation, as to distinguishing features of the Redfern mill. I have carefully examined the evidence with the view of ascertaining whether the case now presented is distinguishable from the case decided by Judge McPherson. It clearly appears from the opinion of the court that the primary questions were in that case exhaustively examined and carefully considered. No questions are presented now that were not considered by Judge McPherson, except that the alleged infringing device in this case is of somwhat different construction. Of course, if complainants' mill is anticipated by the Redfern mill, or by the Close, Robertson, or Jenisch patents, defendant does not infringe. Complainants insist that in various of the patents relied on by defendant in anticipation, except in the Redfern patent, the inlet and outlet are axial, and that those mills are necessarily provided with an air blast causing the material to gradually proceed from the inlet to the outlet, and insuring the discharge of the ground matter, while in complainants' mill the force of gravity produced in part by the peripheral outlet is relied upon as a means of causing the material to gradually proceed from the inlet to the peripheral outlet, thus obviating the necessity for an air blast. Peripheral outlets, however, are found in other constructions for grinding material. It is found in the Close and Redfern machines. The Robertson, Bruckner, and Rutherford machines disclose a mill with grinding balls disposed in mass, overlying one another in a cylindrical drum. The Davidsen machine when in operation is half filled with balls or pebbles. The Robertson mill when in operation is filled more than half, and others less than half. The efficiency obtained in the Davidsen mill by reason of the drum being filled half full of balls or pebbles only is doubtless readily perceived by one skilled in the art. The patent in suit must be narrowly construed, and therefore the structural differences in the defendant's mill do not involve infringement. The evidence of Mr. Davidsen to the effect that by reason of the corrugation in the Redfern mill a percussive force is given to the rotation of the balls does not disturb my conclusion to concur with the judgment of another court of co-ordinate jurisdiction. It is quite clear to me that the prior art contains all the essential features of the patent in suit. No useful purpose would be served in pointing out the essential characteristics of the Davidsen patent, and found in the patents of prior date granted to Close, Robertson, and Redfern. A decree dismissing the bill may be entered, with costs.